USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: June 2, 2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAWAD ELATAB<br><br>                            **Plaintiff,**<br><br>-against-<br><br>HESPERIOS, INC.,<br><br>                            **Defendant.** | 19 CV 9678 (ALC)<br><br>**MEMORANDUM AND ORDER** |

**ANDREW L. CARTER, JR., District Judge:**

       Plaintiff, Jawad Elatab, brings this action for copyright infringement pursuant to Section 501 of the Copyright Act, alleging that Defendant, Hesperios, Inc., published a photograph taken by Plaintiff on its Instagram account to promote its clothing line. Pending before the Court is Defendant's motion to dismiss Plaintiff's complaint. For the following reasons, Defendant's motion to dismiss is granted in part and denied in part.

### BACKGROUND AND PROCEDURAL HISTORY

       Plaintiff commenced this action on October 20, 2019. Compl., ECF No. 1. Plaintiff photographed model Bella Hadid and registered the photograph with the United States Copyright Office. *Id.* at ¶¶ 7–9. Plaintiff alleges that Defendant ran the photograph on Instagram to promote their brand. *Id.* at ¶ 10. Defendant did not license the photograph from Plaintiff, and Plaintiff did not give Defendant permission or consent to publish the photograph. *Id.* at ¶ 11. Defendant moved to dismiss this action on October 6, 2020. (ECF No. 34.) Plaintiff opposed the motion on November 16, 2020, and Defendant replied on November 19, 2020. (ECF Nos. 37, 38.) The Court considers the motion fully briefed.

## I. STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully," and accordingly, where the plaintiff alleges facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In considering a motion to dismiss, the court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *See Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008). However, the court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *see also id.* at 681. Instead, the complaint must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 555). In addition to the factual allegations in the complaint, the court also may consider "the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (citation and internal quotation marks omitted).

## II. Fair Use

The Court shall first address Defendant's affirmative defenses, starting with Defendant's argument that its actions constituted fair use. (Def. Br. 11-15). The Copyright Act, under which Plaintiff brings this suit, is intended "[t]o promote the Progress of Science and useful Arts, U.S. Const. art. I, § 8, cl. 8, "by granting authors a limited monopoly over (and thus the opportunity to profit from) the dissemination of their original works of authorship," *Authors Guild, Inc.* v. *HathiTrust*, 755 F.3d 87, 95 (2d Cir. 2014). But there are also limits upon creators' control over their own works — in particular, "the doctrine of 'fair use,' which allows the public to draw upon copyrighted materials without the permission of the copyright holder in certain circumstances." *Id.* "[T]he fair use determination is an open-ended and context-sensitive inquiry," *Cariou* v. *Prince*, 714 F.3d 694, 705 (2d Cir. 2013), but Congress has provided four nonexclusive factors that inform whether a given use is fair:

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
> (2) the nature of the copyrighted work;
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
> (4) the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107.

"Fair use is an affirmative defense, and therefore Defendant bears the burden of showing that a given use is fair." *Yang* v. *Mic Network, Inc.*, 405 F. Supp. 3d 537, 542 (S.D.N.Y. 2019) (quoting *Authors Guild* v. *Google, Inc.*, 804 F.3d 202, 213 (2d Cir. 2015)). "Courts have granted motions to dismiss infringement claims based on a defendant's fair use defense when 'discovery would not provide any additional relevant information' and '[a]ll that is necessary for the court to make a determination as to fair use are the two [works] at issue.' " *May* v. *Sony Music*

*Entm't*, 399 F. Supp. 3d 169, 188 (S.D.N.Y. 2019) (quoting *Arrow Prods., Ltd.* v. *Weinstein Co.*, 44 F. Supp. 3d 359, 368 (S.D.N.Y. 2014)). However, as this Court has previously observed, "there is a dearth of cases granting such a motion." *BWP Media USA, Inc.* v. *Gossip Cop Media, LLC*, 87 F. Supp. 3d 499, 505 (S.D.N.Y. 2015).

### 1. Purpose and Character of the Use

The heart of the fair use inquiry is the purpose and character of the use. *Blanch v. Koons*, 467 F.3d 244, 251 (2d Cir. 2006). It includes two considerations: the transformative nature of the work, *see Bill Graham Archives v. Dorling Kindersley Ltd.*, 448 F.3d 605, 608 (2d Cir. 2006); and whether the "use is of a commercial nature or is for nonprofit educational purposes," 17 U.S.C. § 107(1). "The more transformative the new work, the less will be the significance of other factors, like commercialism, that may weigh against a finding of fair use." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 569 (1994).

#### A. *Transformative Use*

To determine whether the secondary use is transformative, the "question is whether the new work merely supersedes the objects of the original creation, or instead adds something new, with a further purpose or different character, altering the first with new expression, meaning, or message." *Bill Graham*, 448 F.3d at 608 (quotation omitted); *Authors Guild.*, 804 F.3d at 214 ("[A] transformative use is one that communicates something new and different from the original or expands its utility, thus serving copyright's overall objective of contributing to public knowledge."). A secondary use "can be transformative in function or purpose [even] without altering or actually adding to the original work." *Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P.*, 756 F.3d 73, 84 (2d Cir. 2014) (quotation omitted).

4

Defendant argues that it's use of the picture was transformative as Defendant created the clothes that the model was wearing, and Defendant's purpose in posting the image was to invite its Instagram followers to provide commentary on the photograph. *See* Defs.' Mem. of Law at 12. The Court disagrees. The Instagram post reads "@Bellahadid in our Lou tank and Lou Bel skirt knit set in fawn brown. Coming soon for Fall, although available now in summer colours." Plaintiff posted the copyrighted image without any modification along with a description of what the model was wearing as well as when the item would be available. Nowhere in Defendant's posting of the image does Defendant invite its Instagram followers to provide commentary. Nor does Defendant provide its own critique of the image. While commentary and critique have been considered fair use, the Court cannot credit Defendant's assertion that its posting of the photo alters the original message of the photograph. *See Weinberg v. Dirty World, LLC*, No. 16 CV 9179, 2017 WL 5665023, at *5-10, 13 (C.D. Cal. July 27, 2017) (use of photo was transformative in part because "[r]ather than using the photo to merely identify Plaintiff or his wife, as Plaintiff did on her Facebook profile page . . . the entire Post uses the Video Image as part of a direct critique on Plaintiff's wife's appearance, her status as a model, her husband, and her relationship with her husband."); *Dhillon v. Does 1-10*, No. 13 CV 1465 , 2014 WL 722592, at *3-6 (N.D. Cal. Feb. 25, 2014) (use was transformative when picture was originally taken to depict plaintiff in a positive light, then used "as part of [defendant's] criticism of, and commentary on, the plaintiff's politics"). This is not the case here. In light of the above and drawing all reasonable inferences in Plaintiff's favor, the Court finds that Plaintiff's posting of the photograph was not transformative.

B. *Defendant's Instagram Post was for Commercial Benefit*

Plaintiff alleges that Defendant posted the photograph on Instagram as marketing to promote their brand. Compl. at ¶ 10. As the Court discussed *supra*, Defendant's assertion that the

5

photograph was posted to invite its Instagram followers to comment is bellied by the actual posting promoting the clothing and telling its followers that it was "available now in summer colours." Moreover, in Defendant's memorandum of law, Defendant alleges that it asked Mode PR, an international marketing firm, if it could post the image to which mode PR responded, "Post share for sure I would send them to potential wholesale clients as well." Def.'s Mem. of Law at 17. Accordingly, this sub-factor counts against finding fair use as Defendant has failed to demonstrate that its post was anything other than commercial use to advertise its clothing.

### 2. The Nature of the Copyrighted Work

The Second Circuit has identified two sub-factors to consider: "(1) whether the work is expressive or creative, such as a work of fiction, or more factual, with a greater leeway being allowed to a claim of fair use where the work is factual or informational, and (2) whether the work is published or unpublished, with the scope for fair use involving unpublished works being considerably narrower." *Blanch*, 467 F.3d at 256 (citation omitted). As the Court found in *Iatosca*, Plaintiff's work, a photograph of a model, is a typical "creative" work and therefore entitled to copyright protection. *See Authors Guild, Inc.*, 755 F.3d 87, 96 (2d Cir. 2014) (internal quotation marks omitted) ("The second factor considers whether the copyrighted work is of the creative or instructive type that the copyright laws value and seek to foster."); *Iantosca v. Elie Tahari, Ltd.*, No. 19 Civ. 4527, 2020 WL 5603538, at *5 (S.D.N.Y. Sept. 18, 2020). Thus, this factor weighs against a finding of fair use.

### 3. Amount and Substantiality

In this factor, a court will consider "the amount and substantiality of the portion used in relation to the copyrighted work as a whole." 17 U.S.C. § 107. The question is "whether the quantity and value of the materials used[ ] are reasonable in relation to the purpose of the

6

copying." *Cariou*, 714 F.3d at 710 (quoting *Blanch*, 467 F.3d at 257). The law "does not require that the secondary artist may take no more than is necessary" and "[t]he secondary use must be permitted to conjure up at least enough of the original to fulfill its transformative purpose." *Id.* (internal quotation marks and brackets omitted). And if copying the original "any less would [make] the picture useless to the story[,]" the substantiality of the copying is "of little consequence." *Nunez v. Caribbean Int'l News Corp.*, 235 F.3d 18, 24 (1st Cir. 2000) (citing *Amsinck v. Columbia Pictures Indus., Inc.*, 862 F. Supp. 1044, 1050 (S.D.N.Y. 1994)).

Here, Plaintiff contends that Defendant used the photograph in its entirety without any modifications. However, this does not necessarily weigh against a finding of fair use. Although the Second Circuit has never "ruled that the copying of an entire work favors fair use," "such copying does not necessarily weigh against fair use because copying the entirety of a work is sometimes necessary to make a fair use of the image." *Bill Graham*, 448 F.3d at 613. Thus, "the third-factor inquiry must take into account that 'the extent of permissible copying varies with the purpose and character of the use.'" *Id.* (quoting Campbell, 510 U.S. at 586–87, 114 S.Ct. 1164). However, as discussed *supra*, Defendant's argument that the full use of the photograph was required because the purpose of the photograph was to invite its members to comment is bellied by the actual Instagram post in which Defendant advertises its clothes that are being worn by the model in the photograph and provides it viewers with when it will be available. Accordingly, this factor weighs against a finding of fair use.

### 4. Potential Effect of the Use on the Market or Value

When a secondary use competes in the rightsholder's market as an effective substitute for the original, it impedes the purpose of copyright to incentivize new creative works by enabling their creators to profit from them." *Capitol Records, LLC v. ReDigi Inc.*, 910 F.3d 649, 662 (2d

7

Cir. 2018). The Second Circuit recently noted that the Supreme Court has described this factor as "undoubtedly the single most important element of fair use." *Id.* (quoting *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 566 (1985)). This factor "focuses on whether the copy brings to the marketplace a competing substitute for the original, or its derivative, so as to deprive the rights holder of significant revenues because of the likelihood that potential purchasers may opt to acquire the copy in preference to the original." *Id.* (quoting *Fox News Network, LLC v. Tveyes, Inc.*, 883 F.3d 169, 179 (2d Cir. 2018)). This inquiry "is necessarily intertwined with Factor One; the more the objective of secondary use differs from that of the original, the less likely it will supplant the commercial market for the original." *Id.* (citing *Authors Guild*, 804 F.3d at 223).

Here, drawing all inferences in Plaintiff's favor, Defendant's posting of the photograph to promote its clothing certainly has the potential to supplant Plaintiff's market for licensing the photograph. Additionally, the Court agrees with the finding in *Iantosca* that a Defendant's unauthorized posting of the photograph "on [its] face invade plaintiff['s] statutory right to license" his copyrighted work to others for reproduction. *Iantosca*, 2020 WL 5603538, at *5 (quoting *UMG Recordings, Inc. v. MP3.Com, Inc.*, 92 F. Supp. 2d 349, 352 (S.D.N.Y. 2000)).

In light of the above factors and drawing all reasonable inferences in Plaintiff's favor, the Court finds that Defendant's use of the photograph failed to constitute fair use. Defendant's arguments are insufficient to make out an affirmative defense of fair use at the motion to dismiss stage.

### III.   De minimis

The Court next turns to Defendant's argument that its singular posting of the photograph for a negligible amount time was *de minimis* and thus the complaint must be dismissed for failure

to state a cause of action. The Court finds this argument and the authority cited in support of the argument unavailing. The authority Defendant cites in support of its *de minimis* argument involves the use of a one paragraph abstract of a six-page article and one note from a musical composition. *Nihon Keizai Shimbun, Inc. v. Comline Bus. Data, Inc.*, 166 F.3d 65, 71 (2d Cir.1999); *Poindexter v. EMI Record Grp. Inc.*, 11 Civ. 559 (S.D.N.Y. Mar. 27, 2012). Therefore, those Courts concluded that the piece of copyrighted work used in relation to the whole was not significant enough to constitute infringement. This is not case here where Plaintiff has copied the entirety of the photograph and posted the photograph without modification on its Instagram. *See Golden v. Michael Grecco Prods., Inc.*, No. 19 CV 3156, 2021 WL 878587, at *6 (E.D.N.Y. Mar. 9, 2021); *Iantosca*, 2020 WL 5603538, at *5; *On Davis v. The Gap, Inc.*, 246 F.3d 152, 172 (2d Cir. 2001), as amended (May 15, 2001) ("The *de minimis* doctrine essentially provides that where unauthorized copying is sufficiently trivial, the law will not impose legal consequences."). Therefore, because Defendant has used the photograph in its entirety, he cannot claim that his use was *de minimis*.

## IV. Copyright Infringement

Plaintiff's copyright infringement claims arise under the federal Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (*See* Compl ¶ 1.) The Copyright Act provides the owner of a copyrighted work with "the exclusive right to . . . reproduce, perform publicly, display publicly, prepare derivative works of, and distribute copies of, his copyrighted work." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010) (citing 17 U.S.C. § 106). A party who violates those exclusive rights is liable for damages. *Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 616 (S.D.N.Y. 2013). To prevail on a claim for copyright infringement, the plaintiff must prove: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are

original." *Muller v. Twentieth Century Fox Film Corp.*, 794 F. Supp. 2d 429, 439 (S.D.N.Y. 2011) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361,(1991) ), *aff'd sub nom. Muller v. Anderson*, 501 F. App'x 81 (2d Cir. 2012).

### i. Ownership of Valid Copyright

It is well settled that certificates of copyright registration constitute prima facie evidence of copyright ownership. *See Fonar Corp. v. Domenick*, 105 F.3d 99, 104 (2d Cir. 1997). Here, Plaintiff has submitted and alleged the copyright registration status of the alleged photograph. Accordingly, Plaintiff has adequately pleaded the ownership of a valid copyright.

### ii. Infringing Activity

To prove the second element of a copyright claim, Plaintiff must show that Defendant "actually copied [their] work, and that such copying was illegal because a 'substantial similarity' exists between the allegedly infringing work . . . and the protectable elements of the copyrighted work[.]" *Porto v. Guirgis*, 659 F. Supp. 2d 597, 608 (S.D.N.Y. 2009) (citing *Knitwaves, Inc. v. Lollytogs Ltd. (Inc.)*, 71 F.3d 996, 1002 (2d Cir. 1995)). Absent proof of direct copying, a plaintiff "may establish copying circumstantially by demonstrating that the person who composed the defendant's work had access to the copyrighted material and that there are similarities between the two works that are probative of copying." *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003) (internal quotation marks and citations omitted).

Here, Plaintiff has alleged, and Defendant has conceded that it posted the copyrighted photograph on Instagram without Plaintiff's consent. Accordingly, Plaintiff has adequately alleged an infringing activity.

### iii. Willfulness

In Plaintiff's complaint he has requested that he be awarded statutory damages pursuant to 17 U.S.C. § 504. (Compl. at 4). Such enhanced statutory damages are proper only where the copyright owner has sustained the burden of proving, and the court has found, that defendant's infringement was committed willfully. 17 U.S.C. § 504(c)(2). The crux of Defendant's motion to dismiss is that the single reproduction of the image on Instagram does not amount to willful copyright infringement and that willfulness cannot be sustained on Plaintiff's conclusory allegations.

A finding of willful infringement would entitle Plaintiff to an enhanced award of statutory damages. *See Shamir v. Anchor-Int'l Found., Inc.*, No. 10 Civ. 725, 2013 WL 4008635, at *10 (S.D.N.Y. July 30, 2013) ("If the court finds willful infringement, . . . the award can be as high as $150,000; if the court finds that the infringement was 'innocent,' damages can be as low as $200.") "To prove 'willfulness' under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights." *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 262 (2d Cir. 2005). "[K]nowledge . . . need not be proven directly but may be inferred from the defendant's conduct." *N.A.S. Imp., Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 252 (2d Cir. 1992). "Reckless disregard for the possibility of infringement may be found when the infringer should have known—for instance, by virtue of his occupation—that the particular acts would constitute infringement." *Innovation Ventures, LLC v. Ultimate One Distrib. Corp.*, 176 F. Supp. 3d 137, 164 (E.D.N.Y. 2016) (quotation marks and citation omitted).

11

Plaintiff's complaint fails to adequately allege willfulness. While Plaintiff argues that willfulness should not be determined at the motion to dismiss stage, Plaintiff's complaint is wholly devoid of allegations to support its willfulness claim. Plaintiff merely alleges that he is entitled to statuary damages "for Defendant's willful infringement of the photograph." Even drawing all inferences in Plaintiff's favor as the Court must on a motion to dismiss, Plaintiff's sparse pleadings fail to raise a plausible inference that Defendant acted willfully in its infringement of the photograph. Therefore, the Court grants Defendant's motion to dismiss Plaintiff's claim of willful copyright infringement.

Accordingly, as Plaintiff has failed to adequately allege willfulness, the Court shall not address Plaintiff's request for attorney's fees and costs or damages at this time. However, the Court shall allow Plaintiff a chance to amend the complaint. Leave to amend "shall be freely granted when justice so requires." Motions for leave to amend should be denied only for reasons such as undue delay, bad faith, futility of the amendment or prejudice to the other party. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603–04 (2d Cir. 2005).

## CONCLUSION

For all the aforementioned reasons, Defendant's motion to dismiss is granted in part and denied in part. (ECF No. 34.) Plaintiff shall amend the complaint by June 18, 2021. The Court encourages the parties to discuss settlement.

**SO ORDERED.**

**Dated:  June 2, 2021**
       **New York, New York**                                     **ANDREW L. CARTER, JR.**
                                                                  **United States District Judge**